PROUTY, Respondent, v. TUPPER, Appellant.

(236 N. W. 303.)

(File No. 6873. Opinion filed April 28, 1931.)

*Morrison & Skaug,* of Mobridge, for Appellant.

*H. E. Mundt* of Mound City, and *Lynn & Lynn,* of Linton, N. D. for Respondent.

POLLEY, P. J. On or about the 11th day of June, 1926, plaintiff and defendant entered into a contract in writing whereby plaintiff agreed to buy a certain tract of ground in Pollock. The price agreed upon was $2,500, payable $50 upon the execution of the contract, and $50 on the 15th of each month thereafter until the balance of $2,450 was fully paid. All deferred payments were to draw interest at the rate of 6 percent per annum until paid. When defendant had made sufficient payments to reduce the unpaid balance to $1,000, then plaintiff was to give defendant a warranty deed conveying title to defendant, and to take a mortgage on the premises for the unpaid balance. The contract further provides that:

"The party of the first part agrees to furnish a complete abstract of title to the said premises, showing good, clear and merchantable title and he agrees to pay all taxes, up to and including the year 1925, also he agrees to deliver said premises in as good condition as same may now be in, natural wear, tear or fire excepted, and first party agrees to keep the buildings insured in some good company and in case of loss the amount so received as indemnity is to be accepted by the second party in full payment of all damages incurred.

"It is mutually agreed by and between the parties hereto, that the covenants herein contained * * * that the time and times of payment are the essence and important part of this contract; and if any default is made in any payments or agreements above mentioned the party of the second part shall have no claim in law or equity against the party of the first part, nor to the above mentioned real estate.

"But if such sums of money are paid as aforesaid, promptly at the time or times agreed upon, the party of the first part will, on receiving said sums of money, execute and deliver, at his own

cost and expense, a good and warranty deed in due form of law of said premises; and the said party of the second part shall, on receiving said deed, enter into immediate possession of said premise."

Defendant made the cash payment of $50 provided for by the terms of the contract, and went into immediate possession of the premises. He then proceeded at a cost of some $2,500 to improve, remodel, and practically rebuild the dwelling house on the premises. No further payments were made, however, for about a year, when plaintiff returned from an absence of nearly a year and requested defendant to pay the overdue payments. Defendant paid the amount of the payments due for July and August, 1925. No further payments were made, and plaintiff commenced this action in November, 1927. In his prayer for relief plaintiff asks judgment for the amount due on the purchase price, and that defendant's rights under the contract be foreclosed; and as a separate cause of action plaintiff asked for $25 per month as rental for the premises during the time same were occupied by defendant; for attorneys' fees and such other relief as might be equitable and just.

For his defense defendant alleges that the title to the said premises was incumbered by a mechanic's lien duly filed against the said property.

Upon the trial the court found that defendant was not entitled to a conveyance of the title until the purchase price was fully paid; that plaintiff was entitled to judgment for the amount of all the unpaid installments at the time of the commencement of the action, and for $25 per month rent during the time defendant had been in possession of the property. Judgment was entered accordingly, and defendant appeals.

Appellant contends that the agreement on the part of defendant, and the agreement on the part of plaintiff to furnish an abstract of title showing a merchantable title in plaintiff and the tender of a warranty deed by plaintiff, were mutual dependent covenants, and that defendant was not required to pay any of the monthly payments until plaintiff tendered his deed and abstract. This is a general rule of law that applies to contracts for the sale and purchase of real estate, but it is very clear that such was not the intent of the parties to this contract. Under the terms of this contract defendant could have demanded an abstract showing a

merchantable title in plaintiff before he made any of the payments, but he had a right to waive this provision and by his conduct did waive it. He paid $50 at the time the contract was executed. He went into immeditae possession of the property and retained such possession for more than a year. He then, upon the demand of plaintiff, and without any demand or request on his part for an abstract of title, or a conveyance of title, paid two of the monthly installments.

After such waiver he was not entitled to refuse further compliance with the provisions of the contract because of plaintiff's failure to furnish the abstract without making a request therefor, and giving plaintiff an opportunity to furnish such abstract. By the express terms of the contract defendant was not entitled to a deed of conveyance until an amount had been paid sufficient to reduce the unpaid balance to $1,000, and tendered to plaintiff a mortgage to secure the payment of such balance.

The trial court found that the rental value of the property during the time it had been in the possession of defendant was $25 per month, and awarded plaintiff that amount in the judgment. It is the contention of defendant that plaintiff is not entitled to rent, that there was no agreement or understanding that defendant should pay rent for the use of the building after the making of the contract and prior to the conveyance of the title to him. This is true, but neither is there any agreement or understanding that defendant should have the use of the property free until he became entitled to a conveyance of the title, and, from the fact that it was expressly agreed in the contract that "said party of the second part [defendant] shall, on receiving said deed, enter into immediate possession," it may be fairly inferred that the understanding was that defendant was not to have possession of the property until he received the deed; and by the terms of the contract he was not entitled to a deed until he had paid an amount "sufficient to reduce said balance to $1,000.00." No such amount having been paid, there is nothing to show that defendant was entitled to the possession of the property and the allowance made by the trial court for rent is warranted by the evidence.

The judgment and order appealed from are affirmed.

CAMPBELL, ROBERTS, WARREN, and RUDOLPH, JJ., concurring.